UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| SIMEON JAMEL GARY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:08 CV 515 JM |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Simeon Jamel Gary, a *pro se* prisoner, filed a habeas corpus petition challenging his 365 day loss of earned credit time and demotion to credit class 3. On July 14, 2008, in case number WCC 08-06-0601, the Westville Correctional Facility Disciplinary Hearing Body (DHB) found him guilty of possession of a weapon in violation of A-106. Gary presents three grounds for challenging this determination.

First, he argues that he was denied a finger print analysis. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) permits inmates the right to present evidence, testing is not presenting evidence – it is creating it. That is to say, no finger print analysis existed to be introduced at the hearing. An inmate is not constitutionally entitled to expert testing as a part of a disciplinary hearing. *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("He intimates that he should be allowed to take a polygraph examination which addresses the question of whether he participated in planning or furthering an escape. We hold that Freitas was not entitled to a polygraph examination on this issue.").

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a

balance of interests that should not be further adjusted in favor of
prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Because Gary was not entitled to finger print analysis, the denial of such a test is not a basis for habeas corpus relief.

Second, Gary argues that he was denied the right to video surveillance. Initially it must be noted that the Constitution does not require video surveillance be conducted, but *Wolff v. McDonnell*, 418 U.S. 539 (1974) does permits an accused inmate to request the review of any relevant, exculpatory video footage that exists. Here, Gary requested such a review, and it appears that his hearing was postponed so that it could be reviewed. *See* DE 1-3 at 3. Nevertheless, no video was found. *See* DE 1-3 at 4. Because no video of the events existed, it was not a due process error for the DHB to have refused to consider it. Indeed, it would have been impossible to do so.

Finally, Gary argues that the DHB did not believe the statement of a fellow inmate who wrote,

> I Andrew Simon #173084 witnessed another offender place an object that appeared to be a weapon under Simeon Gary's mat while he was at work in EC Squad Room. I witnessed this around early morning 8:30 to 9am.

DE 1-2 at 1. The report of Disciplinary Hearing states that "Statements [were] read at hearing" and that the evidence from witnesses was considered. Gary objects that the DHB did not believe this testimony and acquit him.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison

disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Though Gary objects that the shank was found under his mat in an area accessible to other inmates, the presence of the shank under his mat is some evidence that it was his. *See Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); and *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Because he has presented no basis for habeas corpus relief, the petition must be denied.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED.**

DATE: February 19, 2009

                                              s/James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT